### EMERY v. EMERY.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
   In wife's suit for divorce on ground of extreme cruelty, evidence *held*, sufficient to entitle plaintiff to decree of divorce.

2. SAME—RESIDENCE.
   In suit for divorce, award to wife of residence owned as tenants by the entireties, then worth about $7,000 and subject to $1,500 mortgage *held*, fair, where it appears purchase price was $3,500, plaintiff paid from her own money the down payment of $1,238.63, therefor and $1,035 for improvements and

upkeep thereon, summer cottage rent and medical expenses, and bought all of the furniture from her own earnings and that defendant had paid about $1,363 in principal and interest and no provision is made for the future support of plaintiff.

Appeal from St. Clair; George (Fred W.), J. Submitted November 17, 1947. (Docket No. 95, Calendar No. 43,807.) Decided February 16, 1948.

Bill by June A. Emery against Thomas C. Emery for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Watson & Inman,* for plaintiff.

*Benedict & Benedict,* for defendant.

REID, J. This is a divorce case. Defendant appeals from a decree which granted plaintiff a divorce and the custody of Lynne Emery, now about 6 years of age, the only child of the parties, and gave plaintiff the residence property of the parties which had been held by them as tenants by the entirety, the household furniture and fixtures, and alimony of $12 per week for the support of the child of the parties until the said child shall reach the age of 17 years or until the further order of the court. Defendant raises no question over the sufficiency of the testimony to entitle plaintiff to a decree of divorce. He was justly found at fault. The only contest involved in this appeal is over the disposition of the residence of the parties.

Plaintiff and defendant were married August 12, 1939, at Port Huron, and have continued to reside there. The arrangement for the purchase of the residence property in question was made two or three weeks before the marriage. The purchase

price was $3,500 and there is some showing that the present value of the property is $7,000, subject to a $1,500 mortgage. The down payment, $1,238.63, was made by plaintiff out of her own money; defendant had agreed to contribute to the down payment but he did not do so.

About the time of her marriage plaintiff's bank accounts totaled $865. Plaintiff worked at Chrysler's for 17 months after her marriage, during which time she earned $1,500. She, also, at the time of the marriage and during their married life received $3,400 in inheritance and gift from her relatives. Plaintiff bought all of the furniture in the house from her own saved earnings. During the marriage from her own funds she paid $175 on the painting of the house and paid for other improvements to the property. She also paid from her own funds $387 for the rental of a summer cottage occupied by the parties during their marriage, a total of $273 for two stokers and, also, a total of $200 for medical expenses.

Defendant did not testify. From plaintiff's testimony it can be deduced that defendant, who also worked at Chrysler's, received at least the wages of an ordinary automobile factory worker and that he paid perhaps as much as $763 on the principal of the mortgage and possibly about $600 in interest. Defendant also paid most of the daily food expense of the household.

The decree appealed from makes no provision for the future support of the plaintiff and she is awarded $1 in lieu of dower. Defendant is obligated on the mortgage note, but the contingency that he may be called upon to pay the mortgage debt is so remote that we need not concern ourselves with it. Release from future support of plaintiff must be a matter of very great financial value to defend-

ant. The award of the residence to plaintiff is fair under all the circumstances.

The decree appealed from is affirmed. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.